PROB 12C
(7/93)

Report Date: July 19, 2013

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 2 2 2013

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Scott Michael Fraser          Case Number: 2:06CR00076-001

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Lonny R. Suko, U.S. District Court Judge

Date of Original Sentence: February 27, 2007

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of Firearms and Ammunition, 18 U.S.C. § 922(g) | |
| Original Sentence: | Prison - 70 Months<br>TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Stephanie A Van Marter | Date Supervision Commenced: January 28, 2011 |
| Defense Attorney: | Chris A. Bugbee | Date Supervision Expires: January 27, 2014 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.<br><br>**Supporting Evidence**: On July 9, 2013, the undersigned officer attempted to contact Mr. Fraser by phone due to his failure to submit a monthly report for June 2013, which was due by July 5, 2013. Mr. Fraser's home phone was disconnected and his cellular phone had a message which stated that the subscriber was unavailable.<br><br>On July 15, 2013, Mr. Fraser contacted the undersigned officer to report he had just released from jail. He was arrested as a result of outstanding legal financial obligations. Mr. Fraser was directed to report to the U.S. Probation Office on July 16, 2013, at 10:30 a.m. to complete his monthly report. He was admonished for not providing the undersigned with a viable phone number. Mr. Fraser provided a new phone number for future contact and promised to report. He also provided a phone number for his wife, Donna. On July 16, 2013, Mr. Fraser failed to report. |

Prob12C
Re: Fraser, Scott Michael
July 19, 2013
Page 2

On July 18, 2013, the undersigned officer left a message for Mr. Fraser directing him to report by 4:30 p.m. on that date. Mr. Fraser failed to contact the undersigned officer or report as directed.

2  **Standard Condition #6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Supporting Evidence**: On July 19, 2013, the undersigned officer conducted a home visit at Mr. Fraser's reported residence. On the door was a note that stated the following: "Russ, We are almost done. I just want to get everything out so I can clean the place when all said and done. And not leave you with a mess. But it will all be done today. Thank you. Donna." Donna is Mr. Fraser's wife. A business card was left on the door directing Mr. Fraser to report to the U.S. Probation Office immediately.

Shortly thereafter, the landlord, Russell Miller, contacted the undersigned officer. Mr. Miller advised that he received my card on the door of the residence that Mr. Fraser was renting. Mr. Miller advised that Mr. Fraser has been evicted due to owing over $3,000 in rent.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 07/19/2013

s/Cassie Lerch

Cassie Lerch
U.S. Probation Officer

---

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

7/22/13
Date

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON
### PROBATION OFFICE

**SCOTT M. MORSE, SR.**
CHIEF PROBATION OFFICER
U.S. COURTHOUSE
920 W Riverside, Room 540
PO BOX 306
SPOKANE, WA 99210-0306
(509) 742-6300 / fax (509) 742-6339

July 19, 2013

**BRANCH OFFICES**
FEDERAL BUILDING
25 S. 3rd Street, Room 326
PO BOX 1791
YAKIMA, WA 98907-1791
(509) 574-5535 / fax (509) 574-5539

FEDERAL BUILDING
825 Jadwin Ave, Suite 170
RICHLAND, WA 99352
(509) 943-8130 / fax (509) 943-8139

REPLY TO  Spokane

The Honorable Lonny R. Suko
United States District Court
William O. Douglas Federal Building
25 South Third Street, 2nd Floor
Yakima, WA 98901-2742



                                  **RE: Fraser, Scott Michael**
                                  **DOCKET NO. 2:06CR00076-001**
                                  **CUSTODY STATUS: Absconder**
                                  **VIOLATION REPORT #1**

Dear Judge Suko:

Attached for the Court's review is a petition for action on the above-captioned defendant. The circumstances of the alleged noncompliant behavior are reported therein.

**Compliance with Supervision Conditions:**

Mr. Fraser's compliance with supervision was initially good. He was employed full-time and living with his wife and children. He participated in substance abuse counseling and urinalysis testing. He was in substance abuse counseling for approximately 2 months, as the treatment provider determined he had adequate support in the community and had completed a long-term program in prison. Substance abuse testing was ended on October 1, 2012, due to compliance with this program and negative tests provided.

Mr. Fraser's prior noncompliance was limited to frequent contact with law enforcement for driving citations and a recent arrest due to his failure to pay his legal financial obligations.

Mr. Fraser's recent behavior of failure to report changes in phone numbers, his address, and his failure to report as directed is uncharacteristic for him during this term of supervision. His whereabouts are unknown and he refuses to respond to the undersigned officer's attempts to locate him despite the multitude of contacts attempted. Mr. Fraser has been given ample opportunity to report to the U.S. Probation Office and has failed to do so.

RECEIVED
JUL 22 2013
CLERK, US DISTRICT COURT
YAKIMA, WASHINGTON

Re: Fraser, Scott Michael
July 19, 2013
Page 2

It also appears Mr. Fraser moved without advising the undersigned officer. The landlord reports that Mr. Fraser was evicted due to owing over $3,000 in past due rent. He also advised that Mr. Fraser has been "stealing" electricity from the neighbors since approximately January 2013. No forwarding address has been reported to this landlord.

Based on the landlord's report that Mr. Fraser has been evicted, as well as his failure to respond to the undersigned officer's attempts to locate him, it appears he has absconded from supervision.

**Offender Characteristics:**

Mr. Fraser began his term of supervised release employed full-time, but became unemployed in approximately June 2012. He secured new employment in October 2012, but stopped working at that location approximately 2 months later and has remained unemployed since then. His criminal history includes multiple convictions for robbery, a conviction for second degree assault, and a long history of property crime convictions.

**Statutory and Guideline Provisions:**

Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than 1 year in any other case.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

As a cost-containment measure, in March 2004, the Judicial Conference endorsed a non-binding policy that substantially restrains enhanced sentencing authority. This policy was incorporated in our agency's Monograph 109, *The Supervision of Federal Offenders:*

*Although it is statutorily permissible to impose a new term of supervised release in most post-April 30, 2003, cases, officers should ordinarily recommend a new supervised release sentence only when the prison time imposed for the current violation, plus any prison time*

Re: Fraser, Scott Michael
July 19, 2013
Page 3

*imposed for a prior revocation(s) of this term of supervised release, is less than the maximum prison term set forth at 18 § 3583(e)(3).*

If revoked, the following options are available for sentencing:

**Original Criminal History Category:** V
**Grade of Violation:** C
**Class of Offense:** Class C Felony

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **CUSTODY:** | Not more than 2 years | 7-13 months |
| **SUPERVISED RELEASE:** | 36 months minus custody imposed | 36 months minus custody imposed |

It is respectfully recommended that the Court issue a warrant requiring Scott Michael Fraser to appear to answer to the allegation in the attached petition.

Respectfully submitted,

Scott M. Morse, Sr.
Chief U. S. Probation Officer

By: <u>s/Cassie Lerch</u>    07/19/2013
Cassie Lerch            Date
U. S. Probation Officer

APPROVED BY:

<u>s/Matthew L. Thompson</u>    07/19/2013
Matthew L. Thompson       Date
Supervising U.S. Probation Officer

CL:vm

c:    AUSA Chris A. Bugbee